# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is made and entered into between Maira Maldonado ("Plaintiff") on the one hand and Fidelity Care Home, Inc., an Arizona Corporation, and Roger and Liz Raymond (collectively, "Defendants") on the other. Plaintiff and Defendants are collectively referred to herein as the "parties."

WHEREAS, the Defendants previously employed Plaintiff;

WHEREAS, Plaintiff filed an action in the United States District Court of Arizona on December 12, 2015, 4:15-cv-00594-FRZ, asserting claims against Defendants (the "Lawsuit") arising from Plaintiff's employment;

WHEREAS, Defendants deny any wrongdoing under any of the claims asserted in the Lawsuit, or under any other statute or legal theory, and dispute Defendants owe Plaintiff any compensation, associated penalties, or damages of any kind;

WHEREAS, the parties desire to enter into this Agreement that will avoid the expense and inconvenience of further proceedings;

NOW THEREFORE, for and in consideration of the parties' promises and forebearances, as well as the parties' covenants and undertakings hereinafter set forth, and for other good and valuable consideration, which each party hereby acknowledges, and intending to be legally bound, it is agreed as follows:

### I.

Defendants shall pay Plaintiff the gross amount of $15,000, payable in three (3) separate checks as follows: (i) the sum of $4,300.00, less applicable tax withholdings, payable to Maira Maldonado as claimed unpaid wages, which shall be reported on an IRS Form W-2; (ii) the sum of $4,300.00, payable to Maira Maldonado as liquidated damages, which shall be reported on an IRS Form 1099; and (iii) the sum of $6,400.00, payable to Phillips Dayes National Employment Law Firm PC, as attorneys' fees and costs, which shall be reported on a Form 1099. The payments described herein shall be delivered to Davis' counsel, Sean Davis at Phillips Dayes, National Employment Law Firm, within five (5) business days following (i) the Effective Date (as defined below).

### II.

In exchange for the payment referenced in Section I above, Plaintiff shall:

A. Cause the Lawsuit to be dismissed, with prejudice and with each of the parties bearing their respective fees and costs, by filing with the court an appropriate stipulation of dismissal with prejudice on or before the parties' execution of this Agreement; and

B. Release and forever discharge, on behalf of Plaintiff and Plaintiff's heirs, executors, administrators, and assigns, Defendants and each of Defendants' parent, affiliated and subsidiary entities, and each of their respective past, present, and future agents, members, managers, officers, directors, partners, principals, shareholders, owners, employees, attorneys, insurers, successors and assigns, heirs, executors and administrators (collectively "Released Parties"), from, for and against any loss, liability, claim, demand, cost, obligation, or expense, known or unknown, accrued or contingent, existing from the beginning of time through the date of this Agreement arising out of or pertaining in any manner to Plaintiff's status as employees, and/or in any other capacity or for any reason. This FULL WAIVER AND RELEASE includes, without limitation, all rights or claims arising under the Title VII of the Civil Rights

Act, the Age Discrimination in Employment Act, the Older Workers' Benefit Protection Act, the Americans With Disabilities Act, the Fair Labor Standards Act, the Family Medical Leave Act, the Equal Pay Act, Worker Adjustment and Retraining Notification Act, the Occupational Safety and Health Act, the Arizona Civil Rights Act, the Arizona Employment Protection Act, Arizona's Payment of Wages statute, Arizona's Workers' Compensation statute or any other applicable state or federal statute, or any common law cause of action, including claims for breach of any express or implied contract, wrongful discharge, tort, personal injury, or any claims for attorney's fees or other costs. Plaintiff further covenants and agrees that upon receiving the payments set forth in Section I above, the Released Parties are not further indebted to Plaintiff in any amount for any reason.

Nothing in the above language or any other part of this Agreement is intended to release claims for otherwise vested benefits under a company employee welfare benefit plan and that which cannot lawfully be waived, including the right to file an administrative charge with a government agency. Plaintiff acknowledges, however, that Plaintiff is not entitled to recover money in connection with any such charge, or as a member of any class or collective action in a case in which any claims against the Released Parties are made.

## III.

Plaintiff represents that Plaintiff has not disclosed and agrees that Plaintiff will not disclose the terms of this Agreement, or that this Agreement exists, to anyone except Plaintiff's attorney, financial advisors, spouse, or the IRS or other taxing authorities, or as required by law. If Plaintiff discloses the terms of this Agreement to any person as permitted herein, Plaintiff shall advise that person not to disclose the terms of this Agreement. If Plaintiff is legally required to disclose any such information, Plaintiff will notify Defendants prior to doing so.

## IV.

Plaintiff agrees not to criticize, denigrate or otherwise disparage the Released Parties, or any of their respective products, services, representatives or employees to any person, including, but not limited to the Defendants' employees and customers, vendors and suppliers.

## V.

Plaintiff acknowledges and agrees that Plaintiff has returned on or before Plaintiff's execution of this Agreement all confidential and proprietary information, documents and records (electronic, paper or otherwise), materials, software, equipment, and other physical property relating to or belonging to the Released Parties, and all copies of the foregoing, other than benefit or payroll information.

## VI.

Plaintiff affirms that Plaintiff has not filed, caused to be filed, and presently is not a party to any claim, complaint, or action against the Released Parties, in any forum or form, other than the Lawsuit (which Plaintiff has agreed to dismiss, with prejudice, as a term of settlement). Plaintiff further affirms that Plaintiff has no known workplace injuries or occupational diseases resulting from Plaintiff's employment with Defendants.

## VII.

By Plaintiff's signature below, Plaintiff affirms that Plaintiff has been given at least 21 days within which to consider this Agreement. This Agreement shall become effective and enforceable upon the Parties' full execution of this Agreement ("Effective Date").

2

### VIII.

Nothing herein is an admission by Defendants of any wrongdoing or violation of the law.

### IX.

This Agreement shall be deemed drafted equally by all parties hereto.  The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and any presumption or other principle that the language herein is to be construed against any party shall not apply.  This Agreement shall be binding upon and inure to the benefit of the parties' heirs, administrators, representatives, executors, successors and assigns.

### X.

This Agreement shall be governed in all respects, whether as to validity, construction, capacity, performance, or otherwise by the laws of the State of Arizona, and no action involving this Agreement may be brought except in the Superior Court of the State of Arizona or in the United States District Court for the District of Arizona, and each party hereby irrevocably consents to such exclusive and personal jurisdiction and venue. **THE PARTIES HEREBY KNOWINGLY AND IRREVOCABLY WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED ON CONTRACT, TORT OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE NEGOTIATIONS, ADMINISTRATION, PERFORMANCE AND ENFORCEMENT HEREOF.**  The prevailing party in any action for breach of this Agreement shall be entitled to recover reasonable attorney fees and costs.

### XI.

If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable for whatever reason, the remaining provisions of this Agreement shall nevertheless continue in full force and effect without being impaired in any manner whatsoever.

### XII.

This Agreement constitutes the sole and entire agreement between the parties hereto, and supersedes any and all understandings and agreements made prior hereto, if any.  There are no collateral understandings, representations, or agreements other than those contained herein.  No provision of this Agreement shall be amended, waived or modified except by an instrument in writing, signed by the parties hereto.

### XIII.

Plaintiff represents that Plaintiff has read and understands the contents of this Agreement, that no representations other than those contained herein have been made to induce or influence Davis' execution of this Agreement, but that Plaintiff executes this Agreement knowingly and voluntarily and upon independent advice of Plaintiff's own choosing.

### VIII.

Nothing herein is an admission by Defendants of any wrongdoing or violation of the law.

### IX.

This Agreement shall be deemed drafted equally by all parties hereto.  The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and any presumption or other principle that the language herein is to be construed against any party shall not apply.  This Agreement shall be binding upon and inure to the benefit of the parties' heirs, administrators, representatives, executors, successors and assigns.

### X.

This Agreement shall be governed in all respects, whether as to validity, construction, capacity, performance, or otherwise by the laws of the State of Arizona, and no action involving this Agreement may be brought except in the Superior Court of the State of Arizona or in the United States District Court for the District of Arizona, and each party hereby irrevocably consents to such exclusive and personal jurisdiction and venue. **THE PARTIES HEREBY KNOWINGLY AND IRREVOCABLY WAIVE ALL RIGHT TO TRIAL BY JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM (WHETHER BASED ON CONTRACT, TORT OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT OR THE NEGOTIATIONS, ADMINISTRATION, PERFORMANCE AND ENFORCEMENT HEREOF.**  The prevailing party in any action for breach of this Agreement shall be entitled to recover reasonable attorney fees and costs.

### XI.

If any provision of this Agreement is held by a court of competent jurisdiction to be invalid, void, or unenforceable for whatever reason, the remaining provisions of this Agreement shall nevertheless continue in full force and effect without being impaired in any manner whatsoever.

### XII.

This Agreement constitutes the sole and entire agreement between the parties hereto, and supersedes any and all understandings and agreements made prior hereto, if any.  There are no collateral understandings, representations, or agreements other than those contained herein.  No provision of this Agreement shall be amended, waived or modified except by an instrument in writing, signed by the parties hereto.

### XIII.

Plaintiff represents that Plaintiff has read and understands the contents of this Agreement, that no representations other than those contained herein have been made to induce or influence Davis' execution of this Agreement, but that Plaintiff executes this Agreement knowingly and voluntarily and upon independent advice of Plaintiff's own choosing.

Date: 3/18/2016

Date: 3/18/2016

Date: _____

Fidelity Home Care, Inc.

By: _____
         Roger Raymond

Its: President
         Title

_____
Liz Raymond

_____
Maira Maldonado

4

Fidelity Home Care, Inc

Date: _____

By: _____
    Roger Raymond

Its: _____
    Title

Date: _____

_____
Liz Raymond

Date: 3-22-16

*Maira Maldonado* (signature)
Maira Maldonado

4